UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

GARIN CROSSON,
    Plaintiff,

v.

SUNCOAST WATERSPORTS, LLC and
DAVID WINKLER,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, GARIN CROSSON, individually, (herein after referred to as "Crosson") by and through his undersigned counsel, sues SUNCOAST WATERSPORTS, LLC, a Florida limited liability company, and DAVID WINKLER, individually (collectively referred to as "Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") 29 USC § 207 and states as follows:

### PRELIMINARY STATEMENT

1. Crosson brings this action for violations of the FLSA § 207 for failure to pay overtime compensation.

2. Defendants failed to pay Crosson in accordance with the FLSA. Specifically, Crosson was not paid time and a half of his regular rate of pay for all hours worked in excess of forty (40) hours per week. Crosson was not paid the salary basis minimum that meets the definition of exempt under the FLSA.

3. In this pleading, "Defendants" meaning the named Defendants, Suncoast Watersports, LLC, a limited liability company, and David Winkler, individually and other corporation, organization or entity responsible for the employment

practices complained of herein (discovery may reveal additional Defendants that should be included).

4. The allegations in this pleading are made without any admission that, as to any particular allegation, Crosson bears the burden of pleading, proof, or persuasion. Crosson reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Crosson's claims pursuant to 28 USC §§ 1331 and 1337 and 29 USC § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

6. The Court has supplemental jurisdiction with respect to claims arising under state law pursuant to 28 USC § 1367.

7. Venue is proper in the district because Defendants operate substantial business in Pinellas County, Florida. Furthermore, the damages complained of occurred in Pinellas County at the Defendants' place of business located in St. Pete Beach, Florida 33706.

8. Crosson is a resident of Pinellas County, Florida and was employed by Defendants as a beach attendant from approximately February 2016 until July 2016.

9. At all times relevant to this action, Crosson was an employee within the meaning of 29 USC § 203(e)(I).

10. Defendant, David Winkler, is a Florida resident and/or an individual who conducts business in the State of Florida. He is the owner of Suncoast

Watersports, LLC. He created and directed the pay practices and controlled the work and directed the work of Crosson. David Winkler is also an officer and a manager of Defendant, Suncoast Watersports, LLC, thus making him an employer within the meaning of the FLSA. See *In Re: Van Diepen, P.A.*, 236 F. App'x 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

11. The FLSA defines "employer" as any "person" acting directly or indirectly in the interests of an employer in relation to an employee. 29 USC § 203(d). See also *Boucher v. Shaw*, 572 Fed. 3d 1087, 1090 (9th Cir. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer", but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

12. Defendant Suncoast Watersports, LLC is a limited liability company, with its principal address at 7039 Hibiscus Avenue, S., South Pasadena, FL 33707, and may be served through its registered agent for service process, David Winkler at 7039 Hibiscus Avenue, S., South Pasadena, FL 33707.

13. At all times, material hereto, Suncoast Watersports, LLC was a "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, Suncoast Watersports, LLC was the "employer" of Crosson within the meaning of the FLSA, 29 USC § 203.

15. This action is brought under the FLSA to recover from Defendants, unpaid overtime wages, monies due and owing, liquidated damages, and reasonable

attorneys' fees and costs.

16. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

17. Crosson was employed by Defendants as a beach attendant from approximately February 2016 until July 2016.

18. Crosson's job duties as a beach attendant included selling and renting beach equipment, and all other activities so directed by Suncoast Watersports, LLC and its officers and agents.

19. Crosson was provided with Suncoast Watersports, LLC official clothing. At all times relevant, Crosson was supervised by Suncoast Watersports, LLC's officers and agents and did not have the right to independent operations or decision making.

20. Defendants failed to pay Crosson the appropriate overtime for time worked over 40 hours per week.

21. Defendants' unlawful payment practice was a willful violation of the FLSA.

22. Defendants have no good faith basis for their unlawful payment practices.

23. Defendants, as business owners, are fully aware of the minimum hourly pay, overtime, and classification of individuals performing work for the defendants.

24. Crosson does not have the authority to hire, fire, or discipline other employees.

25. Crosson is a non-exempt employee whose duties dictate the same; his job duties do not involve the use of discretion in the performance of his job.

26. Crosson's position is subject to the FLSA wage provisions.

27. Crosson often worked more than 40 hours in a one-week period. Crosson worked overtime hours consistently throughout his employment and was not properly compensated.

28. Defendants compensated Crosson at a rate of $380.00 per week and failed to withhold the appropriate taxes and make payments and employer contributions towards his Social Security retirement for some of the wages paid in cash under the table.

29. Crosson complained to Defendants regarding their unlawful pay practices and Defendants took no correctible action.

30. On or about June 28, 2014 Crosson was forced to resign from his position with Defendants because Defendants continued to refuse to pay Crosson in accordance with FLSA. Crosson was justified in leaving Defendants as they constructively terminated him from his employment.

## COUNT 1
## VIOLATION OF OVERTIME PROVISIONS OF THE FLSA § 207

31. Plaintiff re-adopts and re-alleges the allegations set forth in Paragraph 1 through 30 as if fully set forth herein.

32. Crosson was an employee of Defendant within the meaning of 29 USC § 203(e)(1).

33. Defendants are an employer within the meaning of 29 USC § 203(d).

34. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, which engaged in commerce under the definition of the FLSA.

35. During the relevant time period, Crosson was not paid overtime compensation for

5

all hours worked in excess of forty (40) per week.

36. During the relevant time period, Defendants required Crosson, a non-exempt employee under the FLSA, to regularly work in excess of forty (40) hours per week without payment of overtime.

37. Defendants are, or should have been, aware of FLSA's overtime calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Crosson constituted a willful violation of the FLSA.

38. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Crosson for all hours worked in excess of forty (40) hours per week.

39. Defendants cannot show in good faith reliance upon any factor or law for misclassifying Crosson as an independent contractor.

40. Evidence reflecting the precise number of overtime hours worked by Crosson is in the possession of Defendants. If these records are unavailable, Crosson may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mount Clemens Pottery Company.* 328 US 680 (1946).

41. Crosson is entitled to time and one-half of his regularly hourly rate for each hour worked in excess of forty (40) hours per work week.

42. As a direct result of Defendants' violation of the FLSA, Crosson suffered damages by being denied overtime wages in accordance with Section 207 and Section 216(b) of the FLSA in addition with the damages associated with the loss

of his Social Security and employer contributions to Social Security benefits.

43. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Crosson.

WHEREFORE, the Plaintiff, **GARIN CROSSON, individually**, requests this Honorable Court to:

A. Order Defendants to pay an award of damages to fully compensate Crosson for overtime wages and other compensation to which he is entitled;

B. Order Defendants to pay liquidated damages;

C. Order Defendants to pay prejudgment interest on all sums due Crosson;

D. Order Defendants to pay compensatory damages allowable at law;

E. Order Defendants to pay an award of attorney's fees pursuant to 29 USC § 216(b) and; grant such further relief as the court deems just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all issues so triable.

**WHEREFORE**, the Plaintiff, **GARIN CROSSON, individually,** demands judgment for damages, including punitive damages, against the Defendants, **SUNCOAST WATERSPORTS, LLC and DAVID WINKLER,** together with such other and further relief as this Honorable Court deems necessary and appropriate.

October 12, 2016.

        Respectfully submitted,

        LAW OFFICES OF TRAGOS & SARTES, P.L.

        */s/ Peter L. Tragos, Esq.*
        PETER L. TRAGOS, ESQ.
        601 Cleveland Street, Suite 800
        Clearwater, Florida 33755
        Phone: (727) 441-9030
        Facsimile: (727) 441-9254
        Florida Bar No: 106744
        petertragos@greeklaw.com
        linda@greeklaw.com